IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Melquiades Zarate,                     ) | C/A No. 0:13-3079-DCN-PJG |
|                                        ) | |
|                      Plaintiff,        ) | |
|                                        ) | |
| v.                                     ) | |
|                                        ) | **REPORT AND RECOMMENDATION** |
| South Carolina Dept. of Corrections; SCDC ) | |
| Correctional Officer; SCDC Inmate,     ) | |
|                                        ) | |
|                      Defendants.       ) | |
| _____ ) | |

The plaintiff, Melquiades Zarate, a self-represented state prisoner, filed this action against the defendants pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the motion to dismiss or, in the alternative, for summary judgment filed by Defendant South Carolina Department of Corrections ("SCDC").[1] (ECF No. 26.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Zarate of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 27.) Zarate filed a response in opposition to the motion (ECF No. 32) and the defendant replied (ECF No. 34). Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion should be granted.

---

[1] The individual defendants in this case have not yet been identified or served. On August 4, 2014, the court issued an order extending Defendant SCDC's time to respond to Zarate's discovery requests until fourteen days after the assigned district judge's ruling on this Report and Recommendation. (ECF No. 36.)



**BACKGROUND**

Zarate alleges that, while confined at Ridgeland Correctional Institution on March 2, 2012, his leg was broken by another inmate who was "supposed to be on deadlock for possession of a knife." (ECF No. 1 at 5.) Zarate, who asserts that an unidentified officer released the inmate from segregated confinement in violation of prison rules, seeks monetary damages and sanctions against the officer. (Id. at 8, 11.)

**DISCUSSION**

**A.     Applicable Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The court observes that it is required to liberally construe *pro se* complaints. Id. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious



case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Additionally, summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the

entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248. The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.

**B.    Exhaustion of Administrative Remedies**

The defendant moves for dismissal on the ground that Zarate failed to exhaust his administrative remedies before filing the instant lawsuit. A prisoner must exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), specifically 42 U.S.C. § 1997e(a). Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Moreover, exhaustion is required even when a prisoner seeks remedies, such as money damages, that are not available in the administrative proceedings. See Booth v. Churner, 532 U.S. 731, 740-41 (2001). To satisfy this requirement, a plaintiff must avail himself of every level of available administrative review. See generally id. Those remedies neither need to meet federal standards, nor are they required to be plain, speedy, and effective. Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739). Satisfaction of the exhaustion requirement requires "using all steps that the agency holds out, and doing so *properly*." Woodford

v. Ngo, 548 U.S. 81, 90 (2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).  Thus, "it is the prison's requirements, and not the [Prison Litigation Reform Act], that define the boundaries of proper exhaustion."  Jones v. Bock, 549 U.S. 199, 218 (2007).  The defendant has the burden of establishing that a plaintiff failed to exhaust his administrative remedies.  Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005).

      The defendant argues that Zarate never filed a grievance associated with the incident giving rise to this lawsuit and supports its motion with an affidavit by Inmate Grievance Branch Chief Ann Hallman.  (ECF No. 26-2.)  Hallman states that the Inmate Grievance System requires an inmate to first attempt informal resolution of his complaint.  (Id. at 2.)  Next, an inmate may file a Step 1 Grievance with designated prison staff.  If the Step 1 Grievance is denied, the next required step is to appeal to the warden of his facility via a Step 2 Grievance.  (Id.)  This court may further take judicial notice of the SCDC grievance process, see Creamer v. West, C/A No. 6:13-2388-MGL-KFM, 2014 WL 4536685, at *7 (D.S.C. Sept. 9, 2014) (order adopting and incorporating report and recommendation), which provides an exception to the time limit for filing a Step 1 Grievance where an inmate can show that he was "physically unable to initiate a grievance due to hospitalization." See King v. Ozmint, C/A No. 0:11-1455-RBH, 2013 WL 4680532, at *4 (D.S.C. Aug. 30, 2013) (adopting report and recommendation as modified and noting that the grievance process may be extended for a variety of reasons).

      Zarate admits that he failed to file a grievance concerning the claims raised in this case. (ECF No. 1 at 2.)  However, Zarate alleges that the inmate grievance process was rendered unavailable due to his inability to "speak coherent English" or "read or write English legibly." (ECF No. 32-1 at 2; see also ECF No. 1-1 at 1-2.)  Zarate further asserts that: (1) "SCDC has not and does

not provide Spanish interpretation of its rules and regulations, including the grievance process"; (2) interpreters are not available; and (3) his attempts to grieve the matter would have been futile because "inmates only have 5 days to file grievances" and Zarate was hospitalized for two weeks under heavy pain medication prior to being returned to a different correctional institution. (ECF No. 32-1 at 2-3.)

"[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Courts have also held that administrative exhaustion could be rendered unavailable where a prison official withholds assistance from non-English speaking inmate. See Hassan v. Squeo, C/A No. 12-cv-6183, 2014 WL 539710, at *3 (N.D. Ill. Feb. 11, 2014) (collecting cases). In this case, Zarate complains that a Spanish translation of the grievance process and/or an interpreter are not provided by SCDC. However, Zarate fails to allege that he requested, or was denied, any assistance from prison officials in relation to filing a prison grievance. Zarate also fails to demonstrate that he did not understand the inmate grievance procedure. Instead, Zarate indicates that he was aware that inmates have only five days to file an informal resolution and that he attempted to informally resolve the issue in a July 2012 letter, to which he allegedly received no response.[2] (ECF No. 32-1 at 3.) Further, despite his purported language barrier, Zarate has managed to coherently litigate this case by filing several pleadings written in English by fellow inmates. (ECF Nos. 1, 10, 32, 33.) As indicated above, Zarate has also submitted letters to the defendant in English. Given Zarate's ability to communicate with the English-speaking inmate(s) who prepared his

---

[2] The court notes that the purported informal resolution letter states that Zarate provided false information to correctional officers investigating the incident, alleging that his leg was broken by accident as a result of horseplay between himself and another inmate. (ECF No. 32-2 at 2-3.)

Complaint, motions, letters and other pleadings submitted in this case, "it is reasonable to conclude that [Zarate] could have pursued administrative remedies despite his lack of proficiency in English." Aleman v. Dart, C/A No. 08C6322, 2012 WL 488068, at *6 (N.D. Ill. Feb. 14, 2012). Finally, nothing in the record suggests that Zarate attempted to file a Step 1 Grievance after his period of hospitalization concluded.

Thus, the undisputed record reflects that Zarate did not attempt to file a Step 1 Grievance concerning the claims raised in this case. As Zarate has failed to demonstrate that the defendant withheld any requested assistance in filing a grievance or that he was prevented from filing a grievance due to his hospitalization and language barrier, the court concludes that the defendant's motion should be granted. See Reyes v. Cross, C/A No. 1:10cv112, 2011 WL 3585446, at *5 (N.D.W. Va. July 25, 2011) (recommending dismissal where plaintiff failed to initiate the administrative remedy process and provided insufficient evidence to support his allegation that a language barrier prevented exhaustion), adopted by 2011 WL 385392 (N.D.W. Va. Aug. 15, 2011).

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendant's motion (ECF No. 26) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 24, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).